UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 21 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 21 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CV 97-L-2358-S ) |
| 1.556 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; ET. AL, | ) ) ) ) |
| RE:   CULLMAN PARCEL NO. 70 Owner: Denville Tucker | ) ) ) |
| Defendant, | ) |

## MEMORANDUM OPINION

I.   Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by defendant. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, defendant's objections to the Report of Commissioners, and this court's findings.

II.   Damages Awarded For The Permanent Easement ($3,734)

The Commissioners awarded $3,734 in the permanent pipeline easement by deriving

17

that the 1.556 acres taken was worth $2,400 an acre. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.     Amount Awarded For Timber Damage ($3,268.50)

The Commissioners recommended that damage to timber in the easement amounted to $3,268.50. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

IV.     Damage To The Remaining Property ($0)

The Commission found that the pipeline would not impact or damage the remaining property outside of the permanent easement. Defendant objects to this lack of an award, arguing that the Commissioners disproportionately relied upon the plaintiff's witness, and that defendant offered testimony that the remaining property would be reduced by $25,000 since no one would want to live or build near the pipeline. The court finds that the Commission did consider the defendant's evidence when determining whether to award damages to the remainder property, and that the Commission's finding of no damages is not clearly erroneous. Thus, the Commission's $0 award for there being no damage to the remaining property is approved and adopted as the findings of the court.

V.     Amount Awarded For The Temporary Easement ($540)

The Commissioners awarded $540 for the temporary easement. Neither party has

objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI.        Conclusion

The Commissioners have recommended an award to the owner of Cullman Parcel 70 in the amount of $7,542.50. In view of the foregoing discussion, the court has decided to adopt such award, and a separate judgment will be entered in the amount of $7,542.50 as just compensation for the taking of the above-described easement. This Judgment is final as to plaintiff and Denville Tucker, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this  16  day of July, 1999.

_Seybourn H. Lynne_
Senior Judge